IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**<br>1156 15th Street NW, Suite 1020<br>Washington DC, 20005, and<br><br>**COMMITTEE TO PROTECT JOURNALISTS**<br>330 7th Avenue, 11th Floor<br>New York, NY 10001<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES CUSTOMS AND BORDER PROTECTION**<br>1300 Pennsylvania Avenue NW<br>Washington, DC 20229<br><br>Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Reporters Committee for Freedom of the Press ("Reporters Committee" or "RCFP") and the Committee to Protect Journalists ("CPJ") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby allege as follows:

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief by Plaintiffs against the United States Customs and Border Protection ("CBP" or "Defendant").

2.      Defendant has unlawfully withheld agency records that were requested by

Plaintiffs pursuant to the FOIA in May 2019.  Plaintiffs are statutorily entitled to the disclosure

of these records, which Defendant is improperly withholding in violation of the Act and in

disregard of the strong interest of the press and the public in obtaining records and information

concerning attempts by CBP personnel to determine the identity of a journalist's sources for

certain national security reporting.

## PARTIES

3.      Plaintiff Reporters Committee for Freedom of the Press is an unincorporated

nonprofit association of reporters and editors dedicated to preserving the First Amendment's

guarantee of a free press and vindicating the rights of the news media and the public to access

government records.  The Reporters Committee is located at 1156 15th Street NW, Suite 1020,

Washington, DC 20005.

4.      Plaintiff Committee to Protect Journalists is a nonprofit organization that

promotes press freedoms worldwide and defends the rights of journalists to report the news

without fear of reprisal.  CPJ is headquartered at 330 7th Avenue, 11th Floor, New York, NY

10001.

5.      Defendant United States Customs and Border Protection is an agency of the

federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has

possession, custody, and/or control of records that Plaintiffs seek.  CBP is headquartered at 1300

Pennsylvania Avenue NW, Washington, DC 20229.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has subject

matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Background

8.      On or around June 1, 2017, Jeffrey A. Rambo, a CBP agent normally based in San Diego, California, was serving a temporary assignment at the National Targeting Center in Sterling, Virginia, according to media reports.  *See* Scott Shane & Ron Nixon, *Border Agent Who Questioned Reporter is Investigated for Computer Misuse*, N.Y. Times (July 12, 2018), https://nyti.ms/2CEeLT8; Shane Harris et al., *Customs and Border Protection Agency Faces Inquiry After Questioning Reporter About Her Sources*, Wash. Post (June 12, 2018), https://perma.cc/QL2E-CBAQ.

9.      On or around June 1, 2017, Mr. Rambo contacted Ali Watkins, a journalist then working at POLITICO, using his personal email account.  *See* Shane & Nixon, *supra* ¶ 8.  Mr. Rambo reportedly told Ms. Watkins that he worked for the government and that he needed to speak with her immediately; he declined to give his name.  *Id.*

10.     According to media reports, Mr. Rambo thereafter met Ms. Watkins in a Washington, D.C. restaurant or bar where he questioned her about her sources for a story she had bylined earlier that day in POLITICO that reported on an escalation of Russian espionage activity in the United States.  *See* Michael M. Grynbaum et al., *How an Affair Between a Reporter and a Security Aide Has Rattled Washington Media*, N.Y. Times (June 24, 2018), https://nyti.ms/2TYUnqL.

11.     During that meeting, Mr. Rambo reportedly told Ms. Watkins that he had been relocated to Washington, DC to help identify government officials who were "leaking" information to members of the news media, and asked Ms. Watkins for her help in doing so.  *Id.*

12.    Mr. Rambo also reportedly presented Ms. Watkins with accurate dates and

destinations for overseas trips she had taken with James A. Wolfe, then-security director of the

Senate Select Committee on Intelligence.  *Id.*

13.    During the meeting, Mr. Rambo reportedly told Ms. Watkins that it would "turn

[her] world upside down" if the information he had about Mr. Wolfe was reported in The

Washington Post, which Ms. Watkins reportedly interpreted as a threat.  *Id.*

**Plaintiffs' FOIA Request**

14.    On or about May 6, 2019, RCFP and CPJ submitted a FOIA request to CBP (the

"Request") via FOIAOnline.  A true and correct copy of the Request is attached hereto as

Exhibit 1 and is incorporated by reference.

15.    The Request asked for the following records:

- All audits, logs, or records reflecting Mr. Rambo's access to or activity on TECS between January 1, 2017 and July 1, 2018;

- All audits, logs, or records reflecting Mr. Rambo's access to or activity on the Advance Passenger Information System ("APIS") between January 1, 2017 and July 1, 2018;

- All audits, logs, or records reflecting Mr. Rambo's access to or activity on the Automated Targeting System ("ATS"), or any database accessible through ATS, between January 1, 2017 and July 1, 2018;

- All records reflecting Mr. Rambo's secondment, temporary assignment, or detailing to the National Targeting Center;

- All records reflecting any assignment of Mr. Rambo to a Federal Bureau of Investigation ("FBI") task force between January 1, 2017 and July 1, 2018;

- Any emails to, from, copying, or blind copying Mr. Rambo, between January 1, 2017 and July 1, 2018, that contain one or more of the following terms or phrases: "leak", "leaks", "unauthorized disclosure" or "unauthorized disclosures";

- All emails on Mr. Rambo's non-governmental email account(s) to or from Ms. Watkins;

- Any email to, from, copying, or blind copying a U.S. government employee that contains the following URL: https://www.politico.com/story/2017/06/01/russia-spies-espionage-trump-239003;

- All emails in Mr. Rambo's non-governmental email account(s), sent or received between January 1, 2017 and July 1, 2018, to or from any email address ending in one of the following domains: nytimes.com, foxnews.com, washingtonpost.com, wsj.com, turner.com, ap.org, usatoday.com, politico.com, buzzfeed.com, mcclatchydc.com, npr.org, or huffingtonpost.com;

- All emails in Mr. Rambo's governmental and non-governmental email account(s) to or from any email address ending in "usdoj.gov" or "fbi.gov", and sent or received between January 1, 2018 and July 1, 2018;

- All records containing or reflecting information provided by CBP to the Department of Homeland Security ("DHS"), the White House, or Congress in response to the June 13, 2018 letter from Representative Jamie Raskin and Representative Jerrold Nadler requesting information about Mr. Rambo, CBP and DHS;

- All CBP emails to, from, copying, or blind copying any email address(es) ending in "usdoj.gov" or "fbi.gov", that mention or refer to Mr. Rambo, sent or received between June 1, 2018 and August 1, 2018;

- All emails, memos, reports, or other records of CBP's Office of Professional Responsibility ("OPR") that mention or refer to Mr. Rambo, since May 1, 2017;

- All emails, memos, reports, or other records including "National Targeting Center" or "NTC," and "alert" or "notification" or "protocol" or "request" or "queue," and "Rambo" or "Watkins" or "Wolfe", between January 1, 2017 and July 1, 2018;

- All communications to CBP and/or its components from any member of the United States Intelligence Community between January 1, 2017 and July 1, 2018, that contain one or more of the following terms or phrases: "leak", "leaks", "unauthorized disclosure", or "unauthorized disclosures";

- All CBP emails to, from, copying, or blind copying any email address(es) ending in "usdoj.gov", since January 1, 2017, that contain one or more of the following terms or phrases: "leak", "leaks", "unauthorized disclosure", or "unauthorized disclosures";

- All policies, notices, guidelines, memoranda, or other records describing the role of CBP and/or its components in investigating disclosures of government

information to the news media;

- All policies, notices, guidelines, memoranda, or other records describing the role of CBP and/or its components with respect to the transportation of classified information across the United States border;

- All policies, notices, guidelines, memoranda, or other records describing how or when the Office of Professional Responsibility ("OPR") investigates computer crimes or unauthorized access to CBP computer systems, that have been promulgated since January 1, 2017;

- All policies, notices, guidelines, memoranda, or other records governing CBP's sharing of information or data with other government agencies in matters involving the unauthorized disclosure of national defense information or classified material, that have been promulgated since January 1, 2017;

- All policies, notices, guidelines, memoranda, or other records detailing the National Targeting Center's role in the investigation of criminal violations of 18 U.S.C. §§ 793, 794, 798, or 1030; and

- All policies, notices, guidelines, memoranda, or other records detailing CBP's policies or procedures governing the secondment or temporary assignment of CBP personnel to the National Targeting Center.

Ex. 1.

16.    RCFP and CPJ included a request for a fee benefit as representatives of the news media in the Request, and set forth facts and argument in support thereof.  Ex. 1.

17.    The Request was subsequently assigned tracking number CBP-2019-050124 in FOIAOnline.

18.    On or about July 18, 2019, counsel for RCFP received an acknowledgement letter from CBP regarding the Request.  Ex. 2.

19.    On or about July 18, 2019, counsel for RCFP received a notification that the tracking number for the Request had been changed to CBP-IA-2019-050124.

20.    As of the filing of this Complaint, it has been 94 days since the Request was submitted.  Neither RCFP nor CPJ has received a determination or any further communication

from CBP regarding the Request.

## CAUSES OF ACTION

### Count I: Violation of FOIA for Failure to Comply with Statutory Deadlines

21.     Plaintiffs repeat and re-allege paragraphs 1–20.

22.     CBP is an agency subject to FOIA.

23.     By the Request, Plaintiffs properly asked for records within the possession,

custody and/or control of CBP.

24.     The Request complied with all applicable regulations regarding the submission of

FOIA requests.

25.     CBP failed to make a determination with respect to the Request within statutory

deadlines as required by the Act.  5 U.S.C. § 552(a)(6)(A).

26.     CBP's failure to make a determination with respect to the Request within the

Act's statutory deadlines violates CBP's obligations under FOIA.  5 U.S.C. § 552(a)(6)(A).

27.     Plaintiffs have and/or are deemed to have exhausted applicable administrative

remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

### Count II: Violation of FOIA for Wrongful Withholding of Agency Records

28.     Plaintiffs repeat and re-allege paragraphs 1–20.

29.     CBP is an agency subject to FOIA.

30.     Through the Request, Plaintiffs properly asked for records within the possession,

custody and/or control of CBP.

31.     The Request complied with all applicable regulations regarding the submission of

FOIA requests.

32.     CPB has not released any records or portions thereof in response to the Request.

33.     CPB has not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

34.     CPB has not identified whether or how disclosure of each of the records or portions thereof sought by the Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

35.     CPB has improperly withheld records responsive to the Request in violation of the Act.  5 U.S.C. § 552(a)(3)(A).

36.     Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1) order Defendant to immediately process the Request;

2) order Defendant to conduct searches to identify all records responsive to the Request;

3) issue a declaration that Plaintiffs are entitled to disclosure of the records sought by the Request;

4) enjoin Defendant from withholding all records or portions thereof responsive to the Request that are not specifically exempt from disclosure under the Act;

5) award Plaintiffs reasonable attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

6) grant all such other relief as the Court may deem just and proper.


Dated:  August 8, 2019

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend

DC Bar No. 1026115
ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
amarshall@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310

*Counsel of Record for Plaintiffs Reporters
Committee for Freedom of the Press and
Committee to Protect Journalists*