# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION, <br><br> *Defendant*. | Civil Action No.: 19-2401 (CRC) |

## JOINT STATUS REPORT

Pursuant to the Court's January 6, 2020 Minute Order, the Parties jointly provide the following status report.

1. This matter relates to a Freedom of Information Act ("FOIA") request that Plaintiffs submitted on May 6, 2019. *See* Compl. ¶¶ 14–15 (ECF No. 1).

2. Plaintiffs filed their Complaint on August 8, 2019, *see* Compl., and Defendant filed its Answer on September 16, 2019, *see* Answer (ECF No. 6).

3. On October 25, 2019, the Parties filed their first Joint Status Report. *See* Joint Status Report (ECF No. 7). In that Report, Defendant noted that it was still in the process of collecting documents in response to the underlying FOIA requests. Defendant further stated that it planned to discuss with Plaintiff the scope of several subparts of the request. *See id.* ¶ 4.

4. In the Parties' second status report, Defendant agreed to review and process 500 pages of potentially responsive records that it identified in response to subparts 1, 2, and 3 of Plaintiffs' request. ECF No. 8 ¶ 4. On December 20, 2019, Defendant provided a response to

Plaintiffs via email stating that it had reviewed 514 pages and was withholding all pages in full under 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(6)(E).

5. In the Parties' most recent status report, Defendant stated that it had identified an additional 3,725 pages for review and agreed to review those pages and issue all responsive, non-exempt pages by January 24, 2020. ECF No. 9 ¶ 4. Defendant reviewed and processed 327 pages of records that it identified as potentially responsive to Plaintiffs' request.[1] On January 24, 2020, Defendant informed Plaintiff that it was withholding all 327 pages of the records in full pursuant to pursuant to 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(6)(E).

6. Since then, the Parties have conferred about a proposed schedule for further proceedings. As they have not been able to reach an agreement for the proposed schedule, the Parties provide each of their positions below:

    a. Defendant's position: At present, Defendant continues to conduct searches for responsive documents. Accordingly, Defendant is unable to provide an estimate of the total number of potentially responsive pages remaining for review. Defendant agrees, however, to continue processing records on a rolling basis. Defendant further states that it anticipates issuing a final release to Plaintiff by April 30, 2020.

    With respect to Plaintiffs' proposed schedule, in light of Defendant's pending search queue, the proposed schedule is infeasible. As of February 4, 2020, Defendant's eDiscovery team had more than 100 open cases. In some instances, these cases involve data pulls with just a single search. But in others, they involve searches encompassing 30 or more custodians

---

[1] As Defendant has explained to Plaintiffs' counsel, subsequent to the last Status Report, Defendant determined that the 3,725 pages (which were an Excel spreadsheet) could be reformatted so that it required only 327 pages when printed. Defendant reviewed the spreadsheet in its entirety.

with or without key words.  And others involve Enterprise Searches (searching all 75,000 CBP e-mail boxes) using multiple key words.

At present, the searches for responsive records are in the search queue.  Requiring Defendant to meet the schedule Plaintiffs propose below would require Defendant to move Plaintiffs' request ahead of other similarly situated requesters whose requests are in the queue. Additionally, it is not possible for Defendant to know how much data will be included in each case until the data are pulled and refined, as needed.  Accordingly, Defendant strongly objects to a schedule requiring it to complete the searches by March 2, 2020.  Defendant's proposed schedule is based on the eDiscovery team's experience with CBP data discovery tools, taking into account the space and data strain on CBP servers mentioned above.  Additionally, Defendant will need time to engage the FOIA office to determine timeline and next steps in terms of undertaking the review of the search results, making a March 6 deadline for the first release also infeasible.[2] Accordingly, Defendant respectfully requests that the Court enter the accompanying Proposed Order, which provides that the Parties will file another status report by March 6, 2020.

b. Plaintiffs' position:  notwithstanding that Defendant has had Plaintiffs' FOIA request for nine months, it has not (i) completed its searches for records responsive to Plaintiffs' requests, (ii) identified the total number of responsive records, or (iii) committed to a definite monthly process rate. Moreover, there exists a large discrepancy between the number of pages Defendant agreed to review in the parties' third status report—3,725—and the number of

---

[2] As noted, April 30 is the date by which Defendant anticipates being able to issue a final response.  If, however, the search results are voluminous, Defendant may not be able to issue its final response by April 30.  To that end, Defendant commits to provide Plaintiffs with a page-count of potentially responsive records as soon as possible after the searches are complete.  At that time, Defendant will also be able to provide Plaintiffs with a more concrete estimate of when a final response will be released.

pages Defendant stated it reviewed in its January 24, 2020 response to Plaintiffs—327. Accordingly, in light of the length of time Plaintiffs' request has been pending, and Defendant's failure to have even completed its searches for responsive records, Plaintiffs respectfully request that this Court order Defendant to (i) complete its search for records responsive to Plaintiffs' request by March 2, 2020, and provide Plaintiffs the total number of outstanding pages that are responsive to Plaintiffs' request, (ii) process at least 500 pages of records per month for release to Plaintiff, with the first production to be made on March 6, 2020, and (iii) complete its production of records responsive to Plaintiffs' request by April 30, 2020.

7. The Parties have provided Proposed Orders reflecting their positions on further proceedings.

February 6, 2020

Respectfully submitted,

TIMOTHY J. SHEA
D.C. Bar #437437
United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

By: */s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

*Counsel for Defendant*

*/s/ Katie Townsend*
Katie Townsend
DC Bar No. 1026115
Email: ktownsend@rcfp.org

        Adam A. Marshall
        DC Bar No. 1029423
        Email: amarshall@rcfp.org
        REPORTERS COMMITTEE FOR
        FREEDOM OF THE PRESS
        1156 15th Street NW, Suite 1020
        Washington, DC 20005
        Phone: 202.795.9300
        Facsimile: 202.795.9310

        *Counsel for Plaintiff, Reporters Committee for Freedom of the Press*